**AFFIRM; and Opinion Filed April 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01696-CR
No. 05-12-01697-CR
No. 05-12-01698-CR
No. 05-12-01701-CR

**CARL STOVALL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-57483-Q, F11-19054-Q, F12-54176-Q, F12-54177-Q**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lewis

After Carl Stovall pleaded guilty to possession of methamphetamine, aggravated robbery, and two charges of evading arrest, a jury assessed punishment at two years in prison and a $5,000 fine for the methamphetamine case; 90 years in prison and a $10,000 fine for the aggravated robbery case; and ten years in prison and a $10,000 fine for each of the two evading arrest cases. In a single issue, appellant complains he was denied effective assistance of counsel. We affirm the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

We review claims of ineffective assistance of counsel under the standard outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hernandez v. State* 726 S.W.2d 53, 57 (Tex.

Crim. App. 1986). To prevail, appellant must prove (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *See Strickland*, 466 U.S. at 687–88. To establish deficient performance under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's conduct. *Id.* at 689; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). In the absence of evidence of counsel's reasons for the challenged conduct, we will assume a strategic motivation if any can be imagined and find the challenged conduct "deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). As for the second prong, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Finally, an appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong. *Strickland*, 466 U.S. at 687–88.

A finding of ineffective assistance requires counsel's deficiency be affirmatively demonstrated in the record. *Thompson*, 9 S.W.3d at 813. In most cases, a silent record which provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). We may not reverse for ineffective assistance when counsel's actions or omissions may have been based on tactical decisions, but the record does not explain the reasons for counsel's decisions. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Because the reasonableness of trial counsel's choices often involve facts that do not appear in the appellate record, an application for writ of habeas corpus is the more appropriate vehicle to raise

–2–

ineffective assistance of counsel claims. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

In this case, appellant contends he was not fully advised of the charges against him or his options for disposing of the case. Appellant claims his counsel failed to file any pretrial motions or present any mitigating evidence, including evidence of his "serious drug problem."

Initially we note the record shows defense counsel did file several pretrial motions, contrary to appellant's assertions. The record also shows a colloquy between the trial court, defense counsel, and appellant where appellant refused to give his defense counsel any names of witnesses that could be called to testify at trial.

As for his remaining claims, appellant filed a motion for new trial but did not raise a complaint of ineffective assistance of counsel; therefore, trial counsel has not been given an opportunity to explain his actions. Because the record provides no explanation for counsel's actions or inactions, appellant has not met his burden of overcoming the strong presumption of reasonable assistance. *See Strickland*, 466 U.S. at 687–88.

Under these circumstances, we cannot conclude appellant has shown counsel was deficient or that he was prejudiced.

We affirm the trial court's judgment.

/David Lewis/
_____
DAVID LEWIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.

121696F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CARL STOVALL, Appellant

No. 05-12-01696-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-57483-Q.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARL STOVALL, Appellant

No. 05-12-01697-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F11-19054-Q.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CARL STOVALL, Appellant

No. 05-12-01698-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-54176-Q.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CARL STOVALL, Appellant

No. 05-12-01701-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F12-54177-Q.
Opinion delivered by Justice Lewis.
Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 17th day of April, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE